UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

EDWARD FINLEY, JR.,

        Petitioner,

v.                             CASE NO. 10-11936
                               HONORABLE LAWRENCE P. ZATKOFF

DAVID BERGH,

        Respondent.
_____/

**OPINION AND ORDER**
**(1) GRANTING RESPONDENT'S AMENDED**
**MOTION FOR SUMMARY JUDGMENT,**
**(2) DISMISSING THE HABEAS PETITION AS TIME-BARRED,**
**(3) DENYING A CERTIFICATE OF APPEALABILITY, AND**
**(4) DENYING LEAVE TO PROCEED *IN FORMA PAUPERIS* ON APPEAL**

This matter is pending before the Court on petitioner Edward Finley's habeas corpus petition and respondent David Bergh's amended motion for summary judgment. The habeas petition challenges Petitioner's Wayne County convictions for first-degree murder and possession of a firearm during the commission of a felony (felony firearm). Respondent maintains that the habeas petition is untimely because it was filed more than one year after Petitioner's convictions became final. The Court agrees. Therefore, Respondent's motion is granted, and the habeas petition is dismissed as time barred.

**I. Background**

**A. The State Court Proceedings**

On March 27, 2002, a Wayne County Circuit Court jury found Petitioner guilty of first-degree (premeditated) murder, Mich. Comp. Laws § 750.316(1)(a), and felony firearm, Mich.

Comp. Laws § 750.227b.  The trial court sentenced Petitioner to two years in prison for the felony firearm conviction and to a consecutive term of life imprisonment for the murder.  On December 18, 2003, the Michigan Court of Appeals affirmed Petitioner's convictions in an unpublished decision. *See People v. Finley*, No. 242368 (Mich. Ct. App. Dec. 18, 2003).  Petitioner did not appeal the Court of Appeals decision to the Michigan Supreme Court.

On August 2, 2007, Petitioner filed a motion for relief from judgment.  The trial court denied Petitioner's motion, and the Michigan Court of Appeals denied leave to appeal the trial court's decision.  *See People v. Finley*, No. 285875 (Mich. Ct. App. Oct. 7, 2008).  On May 27, 2009, the Michigan Supreme Court denied leave to appeal because Petitioner failed to establish entitlement to relief under Michigan Court Rule 6.508(D).  *See People v. Finley*, 765 N.W.2d 314 (2008).

**B.  The Federal Court Proceedings**

Petitioner signed and dated his habeas petition on May 6, 2010, and the Clerk of Court filed the petition on May 13, 2010.  The petition alleges that (1) Petitioner's trial and appellate attorneys were ineffective, (2) his Fourth Amendment rights were violated by an illegal search and seizure, and (3) the trial court deprived him of a fair trial by failing to instruct the jury on manslaughter.  The Court ordered Respondent to file a responsive pleading by November 22, 2010.   *See* Dkt. #4.  Respondent subsequently moved for an extension of time to file his responsive pleading.  On December 1, 2010, the Court granted Respondent's motion and extended the deadline for filing a responsive pleading to January 21, 2011.  *See* Dkt. #11.

Petitioner then moved to supplement his habeas petition with the following three additional claims:  (4) his murder conviction was not supported by sufficient evidence, (5) the prosecutor 's closing argument deprived him of due process, and (6) this Court deprived him of due process by

not affording him an opportunity to answer Respondent's motion for an extension of time to file a responsive pleading. On January 10, 2011, the Court granted Petitioner's motion to supplement his habeas petition and ordered Respondent to file his responsive pleading by February 25, 2011. *See* Dkt. #16. On February 25, 2011, Respondent filed a timely motion for summary judgment, and on March 3, 2011, he filed his amended motion for summary judgment.

## II. Discussion

### A. The Statute of Limitations

As noted, Respondent contends that Petitioner's claims are barred from review by the statute of limitations. The Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA) established a one-year period of limitations for state prisoners to file a federal habeas corpus petition. *Wall v. Kholi,* __ U.S. __, __, 131 S. Ct. 1278, 1283 (2011); 28 U.S.C. § 2244(d)(1). The period of limitation runs from the latest of:

> **(A)** the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> **(B)** the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> **(C)** the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> **(D)** the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1)(A)-(D). "The limitation period is tolled, however, during the pendency of a 'properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim.'" *Wall v. Kholi*, 131 S. Ct. at 1283 (quoting 28 U.S.C. § 2244(d)(2)).

Petitioner is not relying on a new and retroactive constitutional right (28 U.S.C. § 2244(d)(1)(C)) or on newly discovered facts (28 U.S.C. § 2244(d)(1)(D)), and the State has not created an impediment to filing a timely application (28 U.S.C. § 2244(d)(1)(B)). Therefore, the statute of limitations began to run when Petitioner's "judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A). "Direct review," for purposes of subsection 2244(d)(1)(A), concludes when the availability of direct appeal to the state courts and to the United States Supreme Court has been exhausted. *Jimenez v. Quarterman*, 555 U. S. 113, __, 129 S. Ct. 681, 685, 172 L. Ed. 2d 475 (2009). "Until that time, the 'process of direct review' has not 'com[e] to an end' and 'a presumption of finality and legality' cannot yet have 'attache[d] to the conviction and sentence.'" *Id*., 129 S. Ct. at 685-86 (quoting *Barefoot v. Estelle*, 463 U.S. 880, 887, 103 S. Ct. 3383, 77 L. Ed. 2d 1090 (1983)).

Petitioner did not apply for leave to appeal in the Michigan Supreme Court on direct review of his convictions. Consequently, his convictions became final on February 12, 2004, when the deadline for filing an appeal in the Michigan Supreme Court expired and his direct appeal came to an end. *Erwin v. Elo*, 130 F. Supp. 2d 887, 889 (E.D. Mich. 2001); *see also* Mich. Ct. R. 7.302(C)(2) (providing fifty-six days to file an appeal from the Court of Appeals decision in a criminal case). The one-year statute of limitations began to run on the following day, and it expired one year later on February 12, 2005. Petitioner filed his habeas petition more than five years later in May of 2010.

Although Petitioner filed a post-conviction motion for relief from judgment in 2007, the period of limitation had already expired by then. The post-conviction motion and subsequent appeal did not delay the date on which the judgment became final, *Payton v. Brigano*, 256 F.3d 405, 408

4

(6th Cir. 2001), nor cause the statute to begin running anew at the conclusion of state-court review. *Searcy v. Carter*, 246 F.3d 515, 519 (6th Cir. 2001). The habeas petition therefore is untimely, absent equitable tolling.

**B. Equitable Tolling**

The habeas statute of limitations is subject to equitable tolling, but only in appropriate cases. *Holland v. Florida*, __ U.S. __, __, 130 S. Ct. 2549, 2560, 177 L. Ed. 2d 130 (2010). To be eligible for equitable tolling of the limitations period, a petitioner must demonstrate "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way." *Pace v. DiGuglielmo*, 544 U.S. 408, 418, 125 S. Ct. 1807, 1814, 161 L. Ed. 2d 669 (2005).

Courts in this Circuit also consider the following five factors when determining whether equitable tolling should apply:

> (1) the petitioner's lack of notice of the filing requirement; (2) the petitioner's lack of constructive knowledge of the filing requirement; (3) diligence in pursuing one's rights; (4) absence of prejudice to the respondent; and (5) the petitioner's reasonableness in remaining ignorant of the legal requirement for filing his claim.
>
> [*Allen v. Yukins*, 366 F.3d 396, 401 (6th Cir. 2004)] (citation omitted). The absence of any prejudice to the opposing party "is a factor to be considered only after a factor that might justify tolling is identified." *Id*. at 401-02 (citation omitted).

*Pinchon v. Myers*, 615 F.3d 631, 641 (6th Cir. 2010), *petition for cert. filed*, No. 10-8077 (U.S. Dec. 17, 2010). "These factors . . . are not relevant in all cases. *Cook v. Stegall*, 295 F.3d 517, 521 (6th Cir. 2002). Ultimately, the decision whether to equitably toll a period of limitations must be decided on a case-by-case basis." *Miller v. Collins*, 305 F.3d 491, 495 (6th Cir. 2002).

Petitioner has not alleged that he lacked notice or constructive knowledge of the filing requirement, and he has not demonstrated diligence in pursuing his rights. He took no action in his

case from December 18, 2003, when the Michigan Court of Appeals affirmed his convictions until August 2, 2007, when he filed his motion for relief from judgment. He also waited almost a year following state collateral review to file his habeas petition.

Petitioner argues in a reply to Respondent's motion that Respondent is not entitled to assert the statute of limitations as a defense because the Court ordered Respondent to address all six of Petitioner's claims in its order dated January 10, 2011. Petitioner also points out that, in the same order, the Court stated that Petitioner's supplemental claims would relate back to the date of the initial petition and were not time-barred.

The Court was not ruling on the timeliness of the habeas petition in its order of January 10, 2011. The Court merely was making it clear that the supplemental claims were deemed filed as of May 13, 2010, when Petitioner filed his habeas corpus petition. Because the habeas petition is untimely, the supplemental claims, which were deemed filed on the same day, are also untimely. And although Respondent has not made any arguments opposing the substantive merits of Petitioner's claims, he has addressed all of Petitioner's claims by arguing in a timely response to the habeas petition that the claims are barred by the statute of limitations. The Court therefore declines to reject Respondent's amended motion for summary judgment or to equitably toll the limitation period. Petitioner has failed to show that some extraordinary circumstance stood in his way of filing a timely habeas petition.

### III. CONCLUSION

Petitioner filed his habeas petition more than a year after his convictions became final, and he is not entitled to equitable tolling of the statute of limitations.

Accordingly, it is **ORDERED** that Respondent's amended motion for summary judgment

[Dkt. #21] is **GRANTED,** and the petition for writ of habeas corpus [Dkt #1] is **DISMISSED** for failure to comply with the statute of limitations.

### IV. CERTIFICATE OF APPEALABILITY AND LEAVE TO APPEAL *IN FORMA PAUPERIS*

Federal Rule of Appellate Procedure 22(b)(1) provides that an appeal may not proceed unless a certificate of appealability (COA) is issued under 28 U.S.C. § 2253. Rule 11 of the Rules Governing Section 2254 Cases now requires that the Court "issue or deny a certificate of appealability when it enters a final order adverse to the applicant." A COA may be issued "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). When, as here, the district court denies a habeas petition on procedural grounds without reaching the merits of the petitioner's underlying claims, a certificate of appealability should issue only if reasonable jurists would find it debatable whether the Court's procedural ruling was correct and whether the petition states a valid claim of the denial of a constitutional right. *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). In this case, the Court concludes that reasonable jurists would not debate the correctness of the Court's procedural ruling. Nor would reasonable jurists debate whether the petition states a valid claim of the denial of a constitutional right. Therefore, the Court will DENY a certificate of appealability.

The standard for issuing a certificate of appealability has a higher threshold than the standard for granting *in forma pauperis* status, which only requires a showing that the appeal is not frivolous. *See Foster v. Ludwick*, 208 F. Supp.2d 750, 764 (E.D. Mich. 2002). For the reasons set forth herein, the Court finds that an appeal would be frivolous and could not be taken in good faith. Therefore, an appeal may not be taken *in forma pauperis*. *Hence v. Smith*, 49 F. Supp. 2d 547, 549 (E. D. Mich. 1999); Fed. R. App. P. 24(a)(4)(B). Accordingly, if Petitioner files a motion for leave to proceed

*in forma pauperis* on appeal, such motion is DENIED.

 IT IS SO ORDERED.


 s/Lawrence P. Zatkoff
 LAWRENCE P. ZATKOFF
 UNITED STATES DISTRICT JUDGE

Dated:  April 14, 2011

## CERTIFICATE OF SERVICE

 The undersigned certifies that a copy of this Order was served upon the attorneys of record by electronic or U.S. mail on April 14, 2011.


 s/Marie E. Verlinde
 Case Manager
 (810) 984-3290